IRWIN HERSCHLAG, ESQ. (IH 8522)
630 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 867-9595

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CHARLOTTE NUGENT,

|  |  |
|---|---|
| Plaintiff, | COMPLAINT |
| | Index No.05cv5109 |
| -against- | |
| | PLAINTIFF DEMANDS A |
| THE ST. LUKE'S ROOSEVELT-HOSPITAL CENTER, | TRIAL BY JURY |
| THE ADDICTION INSTITUTE OF NEW YORK | |
| (formerly known as the SMITHERS ALCOHOLISM | |
| TREATMENT AND TRAINING CENTER), its predecessors | |
| and successors CONTINUUM HEALTH PARTNERS, INC. | |
| AND KEVIN HEANEY, individually and in | |
| official capacity, and John Does 1-10 | |
| Defendants. | |

_____

Plaintiff CHARLOTTE NUGENT by her attorney IRWIN HERSCHLAG, ESQ.

Complaining of the Defendants THE ST. LUKE'S ROOSEVELT-HOSPITAL CENTER, THE

ADDICTION INSTITUTE OF NEW YORK (formerly known as the SMITHERS

ALCOHOLISM TREATMENT AND TRAINING CENTER), its predecessors

and successors, CONTINUUM HEALTH PARTNERS, INC. and KEVIN HEANEY,

individually and in official capacity herein, upon information and belief respectfully alleges as

follows:

## PRELIMINARY STATEMENT

This action stems from  the Defendants' violations of  their own stated policies and procedures and their  discrimination against Plaintiff because of her age, gender, disability, for the hostile environment perpetrated by Defendants and  in retaliation for Plaintiff complaining regarding such hostile environment and discriminatory behavior. This action also stems from the Defendants' breach of contract with the plaintiff and their intentional and emotional intention of emotional distress. This action seeks back pay, front pay, attorney's fees, and compensatory and punitive damages.

## JURISDICTION AND PARTIES

1.      Plaintiff Charlotte Nugent ("NUGENT") is a resident of the City of New York, County of New York, State of New York.

2.      Defendant Continuum Health Partners, Inc. ('CONTINUUM") is a New York non-profit corporation with a place of business at 1000 Tenth Avenue, New York, New York. The Secretary of State records indicate  that it is located at 500 Central Avenue, Albany, New York.

3.      Defendant St. Luke's Roosevelt Hospital Center ("ST. LUKE'S")  is a New York non-profit  corporation with a principle place of business at 1000 Tenth Avenue, New York, New York. Upon information and belief ST. LUKE'S is a division of CONTINUUM.

4.      Defendant The Addiction Institute of New York (and its predecessor the Smithers Alcoholism Treatment and Training Center) ("AINY/SMITHERS"), upon information and belief is a New York corporation with a principle place of business at 1000 Tenth Avenue, New York, New York.  Upon information and belief, AINY/SMITHERS is a unit within ST. LUKE'S.

5.      Upon information and belief, Defendant Kevin Heaney ("HEANEY") is a resident of New York State employed by AINY/SMITHERS as a supervisor at 1000 Tenth Avenue, New York, New York. At all relevant times herein, HEANEY was and still is an agent of CONTINUUM, ST. LUKE'S, and AINY/SMITHERS and served as clinical director.

6.      Jurisdiction of the subject matter of this action is established in this Court under Title VII of the United States Civil Rights Act of 1964 as amended, Title 42 of the United States Code Section 2000-e(f)(3), under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Section 621, et seq. and under The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12101 et seq. This is the proper venue for this action under Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 U.S.C. of the United States Code, Section 2000 et seq., under 29 U.S.C. section 621 et seq. and under 42 USC section 12101 et seq. in that unlawful acts alleged herein were committed within this Court's jurisdiction.

7.      Plaintiff CHARLOTTE NUGENT  is an individual with a "disability" within the meaning of  42 U.S.C. §12102(2)(A); 29 U.S.C. §706(8) ; N.Y. Executive Law § 290 et seq  and N.Y.C. Administrative Code § 8-101 et seq.

8.      Plaintiff is a "qualified individual with a disability" within the meaning of  42 U.S.C. § 12131(2).

9.      Upon information and belief, St. Luke's and AINY/Smithers are recipients of Federal grants and subject to the provisions of 29 U.S.C. § 794 which prohibits discrimination against an individual with a disability by any program which is the recipient of federal financial assistance.

10.     Pursuant to 42 U.S.C. §12133 the remedies, procedures and rights set forth in 29 U.S.C. § 794a apply to allegations of discrimination on the basis of disability in violation of 42

3

U.S.C.§ 12132.

11.     This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  Pendent

jurisdiction of this Court is invoked for claims arising out of the Statutes and common law of the

State of New York.

12.     On or about October 8, 2003, Plaintiff Charlotte Nugent filed a discrimination

claim with the EEOC.

13.     On or about February 24, 2005, the EEOC issued a Notice of Right to Sue on

Plaintiff's behalf.


SPECIFIC ALLEGATIONS OF AGE, GENDER AND DISABILITY DISCRIMINATION,
HOSTILE WORK ENVIRONMENT, RETALIATION, BREACH OF CONTRACT,
NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14.     Plaintiff Charlotte Nugent was born on September 23, 1941 and is a sixty three

year old woman.

15.     Plaintiff was employed by St. Luke's Roosevelt Hospital Center as a social

worker from June 15, 1989 until November 1, 2003.  In October, 1999, she  transferred from the

uptown address to downtown to work at Smithers (which later became the Addiction Institute of

New York). Her immediate supervisor at Smithers was Kevin Heaney, whose title is Clinical

Director. Her duties included family therapy, intake coordination, discharge planning and

substance abuse counseling.

16.      Plaintiff  had always received positive evaluations from her supervisors during

the course of her employment at St.Luke's.

17.     Upon information and belief, at present, there are approximately 120 employees at

4

AINY. Upon information and belief, the number of employees at St. Luke's Roosevelt Hospital Center is well over 1000 and the number of employees of Continuum is in the thousands..

18.     The Hospital's Employee Handbook, distributed to all employees at St. Luke's, provided that "St. Luke's Roosevelt Hospital Center is committed to a work environment in which all individuals are treated with respect and dignity."  The handbook further stated that the Hospital Center will not "tolerate any such discrimination or harassment."

19.     Within a short time after Plaintiff's transfer to Smithers, she became aware of discriminatory treatment towards women, in particular women over 40 at the Smithers unit. Her immediate supervisor, Kevin Heaney referred to women as "whores, radical lesbians and cu--s." In particular, he once referred to a female patient as a "Cu—" and a Senior Staff member as a "radical lesbian" and inferred that her judgment was clouded by her sexual orientation bias. He used these terms in the presence of the Charlotte Nugent and in the presence of others. Moreover, Mr. Heaney frequently screamed at, banged his fists on his desk, and spoke abusively to female employees.

20.     Besides Heaney's abusive conduct in particular, at AINY/SMITHERS women were rarely promoted to positions of authority and were terminated or suspended on a much more frequent basis than men, particularly women over 40.

21.     As a result of the above, Defendant Heaney's, St Luke's, and AINY/Smithers' conduct created a toxic, intimidating, hostile and offensive work environment which substantially interfered with employees' work performance, including that of the plaintiff.

22.     From 1989 until 1999, Plaintiff always received above-average performance ratings from her supervisors.  On 9/25/2000, she  received a performance evaluation from Mr.

5

Heaney which referred to her as an outstanding member of the team.

23.    In or about October, 2000, Plaintiff complained about Heaney's abusive behavior verbally to the Unit Head, Jeff Foote. This complaint was ignored.

24.    In November, 2000, Plaintiff was encouraged by Aileen Clucas, R/N Clinical Coordinator in consultation with her superior, Sharon Ward Miller, the Director of Nursing to detail her experiences with Mr. Heaney in writing in a memo dated November 28, 2000. They were aware of Mr. Heaney's behavior towards women and indicated to plaintiff that they found it "unacceptable." In that memo, Plaintiff complained that Mr. Heaney made sexist and derogatory remarks about women, preferred male patients and staff over women and that as a result, a negative working atmosphere pervaded the unit.

25.    Heaney's behavior blatantly violated the handbook of procedures which is received by Hospital employees yet he was never been disciplined and did not alter his behavior. Upon information and belief, no action taken by the St. Luke's or Smithers against Heaney upon receipt of this memo. Plaintiff was later informed that Jeff Foote, who was Heaney's immediate supervisor referred to her as a "complaining bitch" when he learned of the memo.

26.    Subsequent to the November 2000 memo, Heaney consistently placed negative remarks and performance ratings in Plaintiff's file. These negative comments were unwarranted and a direct result of Plaintiff's complaint against Mr. Heaney.

27.    Subsequent to the November 2000 memo, Plaintiff began to receive verbal and written warnings for no reason. This treatment was disparate from that shown towards younger female and male employees. Moreover, subsequent to the  memo, Heaney's behavior towards the Plaintiff created an atmosphere where she was devalued as a staff member. This resulted in other

6

staff members mocking and deriding her at staff meetings in the presence of others. Likewise, Heaney questioned patients regarding her whereabouts and duties, thus damaging her relationships with the patients. His remarks and behavior have damaged Plaintiff's professional reputation. Male employees and younger female employees were not treated in the same way and were not subject to harsh warnings under similar circumstances.

28.     Other employees were well aware of Heaney's behavior towards women and commented on it although many feared retaliation and have avoided making complaints. St. Luke's and Smithers, once made aware of Heaney's behavior failed in its duty to investigate and remedy this behavior.

29.     This post-November 2000 memo course of conduct continued. On September 11, 2001, several employees were encouraged to leave early because of the tragic events of that day. Plaintiff believed that she had Heaney's permission to leave. Plaintiff worked a full eight hours before leaving but was suspended without pay at a meeting in which she was berated by Kevin Heaney and Gerald Horowitz, a supervisor. Plaintiff was never informed that she had a right to have a union representative present at this meeting. This blatantly violated the hospital's Human Resources procedures and Plaintiff filed a grievance.

30.     Because of these violations, this suspension was illegal and Labor Relations ruled that Plaintiff's pay should be restored. However, despite this ruling, St. Luke's failed to return the money that had been wrongfully docked from her pay although such payment was demanded.

31.     In 2001, Plaintiff's duties were substantially reduced. By the end of 2001, she was no longer performing social work functions but merely substance abuse counseling, which was a significant demotion.

7

32.     On April 3, 2003, Plaintiff received a memo from Heaney, threatening her with termination from the hospital because of "unauthorized absence from the work place, inadequate documentation of written records and failing to attend patient treatment activities." These charges were untrue and were part of the course of retaliatory conduct which Mr. Heaney has conducted against plaintiff since November, 2000. Such write-ups were part of a pattern of behavior to which Plaintiff was subjected following the November, 2000 memo. Female employees over 40 were disciplined much more harshly and on a more frequent basis by the Defendants.

SPECIFIC ALLEGATIONS AND FACTS RELATING TO
DISCRIMINATION ON THE BASIS OF DISABILITY

33.     Plaintiff suffers from Attention Deficit Disorder ("ADD"), a disorder that substantially limits plaintiff in one or more of her major life activities.  Thus Plaintiff is a "qualified individual with a disability" within the meaning of  42 U.S.C. § 12131(2).

34.     In addition to the pattern of harassment, St. Luke's, Smithers and Heaney failed to reasonably accommodate Plaintiff's disability. Heaney had been made aware of Plaintiff's particular disability (ADD) prior to the November, 2000 memo. This causes plaintiff some difficulty in handling paper work at times but reasonable accommodations easily resolve this difficulty. With reasonable accommodations, Plaintiff was able to perform her duties at all times during her employment with the Defendants  As evidenced by previous employment reviews, Nugent's disability had never been a problem in the past, however, the condition is exacerbated in a hostile environment, such as that perpetrated by the Defendants.

35.     Plaintiff suggested accommodations such as various charts, ways to keep up with paperwork and bringing in an efficiency expert in ADD to advise Defendants but they did not

8

consider her request for such accommodation

36.     On several occasions, Plaintiff attempted transfer to other units within St. Luke's, however, she believes that she was prevented from being able to transfer due to the negative statements of Heaney to other supervisors and employees at other units.

37.     Because of the sexually hostile environment at Smithers, Plaintiff became depressed and anxious and her psychiatrist recommended that she go on disability which she did on April 6, 2003. He also recommended that she work in a different work location and a different supervisor. Plaintiff was unable to obtain this accommodation from Defendants. She had previously gone on disability for the same reasons from June 2002 until September, 2002.

38.     This disability leave lasted from April, 2003 until October 6, 2003. Plaintiff, unable to face the prospect of returning to this hostile work environment, filed for early retirement which commenced on November 1, 2003. This retirement was recommended by Plaintiff's psychiatrist. Plaintiff had no income from October 6 through November 1, 2003. Because she was forced to file for early retirement, Plaintiff lost a significant amount of pay in addition to benefits, including but not limited to, medical benefits and other fringe benefits. As a result of this early retirement, (at the age of sixty-two), Nugent's pension is much less than if she had worked until age sixty eight as she originally planned (The pension plan of St. Luke's employees is pursuant to an agreement with the Union and the number is based upon the five highest salaries during the course of employment), Further, Ms. Nugent's social security benefit has been permanently lowered due to the fact that she was forced into early retirement). Additionally, Plaintiff suffers from anxiety and depression as a result of her treatment during her employment at St. Luke's/Smithers.

9

39.     Plaintiff  was diagnosed with ulcers in March, 2003 which she believes to be a result of her employment at St. Luke's/AINY/Smithers.


## COUNT I

### (ADEA- Age Discrimination)

40.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 39 inclusive, with the same force and effect as though more fully set forth at length herein.

41.     The aforesaid discriminatory acts by Defendants St. Luke's, Smithers, AINY, and Heaney, its officers, directors, supervisors, managers and/or employees violated Plaintiff Charlotte Nugent's rights as provided under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. section 621, et seq..

42.     As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained conscious pain and suffering, great mental distress, humiliation and incurred economic loss.

43.     As a consequence of the foregoing misconduct of Defendants, Plaintiff has been damaged and is entitled to compensatory damages and punitive damages in the sum prescribed by 29 U.S.C. section 626(b) and 216(b), i.e. Nine Hundred Thousand Dollars ($900,00).


## COUNT II

### (NYSHRL – Age Discrimination)

44.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 43 inclusive, with the same force and effect as though more fully set forth at length herein.

45.     The discriminatory aforesaid acts by Defendants St. Luke's, Smithers, AINY, and Heaney, its officers, directors, supervisors, managers and/or employees violated Plaintiff Charlotte Nugent's rights as provided under the New York Human Rights Law, Article 15 of the New York Executive Law ("NYSHRL"), 15 N.Y.Exec. Law Section 290 et seq.

46.     As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained conscious pain and suffering, great mental distress, humiliation and incurred economic loss.

47.     As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained damage in the sum of  Five Million ($5,000,000) and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial.


<u>COUNT III</u>

(Title VII - Gender Discrimination)

48.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 47 inclusive, with the same force and effect as though more fully set forth at length herein.

49.     The aforementioned acts of intentional gender discrimination by Defendants Continuum, St. Luke's, Smithers/AINY, and Heaney, its officers, directors, supervisors, managers and/or employees violated Plaintiff Charlotte Nugent's rights as provided under Title

11

VII of the United States Civil Rights Act of 1964, as amended Title 42 of the United States Code Section 2000e-2(a).

50.    As a consequence of Defendants' gender discrimination while Plaintiff was an employee of Defendant St. Luke's, Plaintiff sustained conscious pain and suffering, great mental distress, humiliation and incurred monetary loss, and other adverse employment actions including her constructive termination.

51.    As a consequence of the foregoing misconduct of Defendants, Plaintiff has been damaged and is entitled to compensatory damages and punitive damages in the sum prescribed by 29 U.S.C. section 626(b) and 216(b), i.e. Nine Hundred Thousand Dollars ($900,00).

<u>COUNT IV</u>
(NYSHRL – Gender discrimination)

52.    Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 51 inclusive, with the same force and effect as though more fully set forth at length herein.

53.    The aforementioned acts of intentional gender discrimination by Defendants Continuum, St. Luke's, Smithers/AINY, and Heaney, its officers, directors, supervisors, managers and/or employees violated Plaintiff Charlotte Nugent's rights as provided under New York State Human Rights Law – Executive Law Section 290 et seq.

54.    As a consequence of Defendants' gender discrimination while Plaintiff was an employee of Defendant St. Luke's, Plaintiff sustained conscious pain and suffering, great mental distress, humiliation and incurred monetary loss, and other adverse employment actions including her constructive termination.

12

55.     As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained damage in the sum of Five Million Dollars ($5,000,000) and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial.

13

COUNT V

(ADA - Discrimination based on disability)

56.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 55 inclusive, with the same force and effect as though more fully set forth at length herein

57.     Plaintiff was a qualified individual with a disability who requested and was denied a reasonable accommodation or modification as regards to preparing records and consulting with an ADD efficiency expert.

58.     The aforementioned acts by Defendants Continuum, St. Luke's Smithers/AINY and Heaney, violated Plaintiff's rights as provided under the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. section 12101, et seq.

59.     As a consequence of the forgoing misconduct of  Defendants', Plaintiff sustained conscious pain and suffering, great mental distress, humiliation and incurred monetary loss, incurred economic loss and suffered adverse employment action, including her constructive discharge.

60.     As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained damage in the sum of Five Million ($5,000,000)  and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial.

14

## COUNT VI
### (NYSHRL – DISABILITY DISCRIMINATION)

61.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 61 inclusive, with the same force and effect as though more fully set forth at length herein

62.     The aforementioned acts by Defendants Continuum, St. Luke's Smithers/AINY and Heaney perpetrated against Plaintiff because of disability, violated Plaintiff's rights as provided under the New York State Human Rights Law, Article 15 of the New York Executive Law ("NYSHRL"), 15 N.Y. Exec. Law Section 290 et seq.

63.     As a consequence of the forgoing misconduct of Defendants', Plaintiff sustained conscious pain and suffering, great mental distress, humiliation and incurred monetary loss, and incurred economic loss.

64.     As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained damage in the sum of Five Million ($5,000,000)  and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial.

## COUNT VII

### (Title VII Hostile Work Environment)

65.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 64 inclusive, with the same force and effect as though more fully set forth at length herein.

15

66.     The aforementioned acts of intentional harassment, including the hostile environment for women created and perpetuated by Defendants Continuum, St.Luke's, Smithers/AINY and Heaney, its officers, directors, supervisors, managers and/or employees violated Plaintiff Charlotte Nugent's rights as provided under Title VII of the United States Civil Rights Act of 1964, as amended Title of the United States Code Section 2000e-2(a).

67.     As a consequence of Defendants' harassment, including the hostile work environment for women while Plaintiff was an employee of Defendants St. Luke's, Plaintiff sustained conscious pain and suffering, great mental distress, humiliation and incurred monetary loss.

68.     As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained damage in the sum of  Five Million ($5,000,000) and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial.

COUNT VIII

(NYSHRL – HOSTILE WORK ENVIRONMENT)

69.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 68 inclusive, with the same force and effect as though more fully set forth at length herein.

70.     The aforementioned acts of intentional harassment, including the hostile environment for women created and perpetuated by Defendants Continuum, St.Luke's, Smithers/AINY and Heaney, its officers, directors, supervisors, managers and/or employees violated Plaintiff Charlotte Nugent's rights as provided under The New York State Human Rights Law- Executive Law section 290 et seq.

16

71.     As a consequence of Defendants' harassment, including the hostile work environment for women while Plaintiff was an employee of Defendants St. Luke's, Plaintiff sustained conscious pain and suffering, great mental distress, humiliation and incurred monetary loss.

72.     As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained damage in the sum of  Five Million ($5,000,000) and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial.

<u>COUNT IX</u>

(Retaliation)

73.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 72 inclusive, with the same force and effect as though more fully set forth at length herein.

74.     Defendants Continuum, St.Luke's, Smithers/AINY and Heaney, its officers, directors, supervisors, managers and/or employees acts, practices and policies described herein constitute retaliation against Plaintiff for her opposition to gender discrimination, in violation of 42 U.S.C. section 2000e et seq.

75.     As a consequence of Defendants' retaliation harassment against Plaintiff, Plaintiff sustained conscious pain and suffering, great mental distress, humiliation and incurred monetary loss.

76.     As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained damage in the sum of  Five Million ($5,000,000) and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial

17

COUNT X

BREACH OF CONTRACT

77.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 76 inclusive, with the same force and effect as though more fully set forth at length herein.

78.     The terms of the St. Luke's Hospital Handbook, outlining the policies and procedures of St. Luke's constituted  a contract between Defendants and plaintiff.

79.     Defendants Continuum, St.Luke's, Smithers/AINY and Heaney, its officers, directors, supervisors, managers and/or employees breached it contract with plaintiff in that in numerous instances, it failed to follow its own stated and published guidelines, policies and procedures.

80.     As a result of Defendant's breach, plaintiff has suffered damages in the sum of Five Million ($5,000,000) and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial.

COUNT XI

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

81.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1-81 inclusive, with the same force and effect as though more fully set forth at length herein.

18

82.     Defendants Continuum, St.Luke's, Smithers/AINY and Heaney, its officers, directors, supervisors, managers and/or employees engaged in outrageous conduct which caused Plaintiff to suffer extreme emotional distress and mental anguish.83.        Defendants intended to cause plaintiff's injury or acted recklessly and wantonly without regard to the impact of their conduct on plaintiff's mental or emotional condition.

84.     As a result, Plaintiff has suffered damages in the sum of  Five Million ($5,000,000) and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial.


<u>COUNT XII</u>

(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

85.     Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 84 inclusive, with the same force and effect as though more fully set forth at length herein.

86.     Defendants Continuum, St.Luke's, Smithers/AINY and Heaney, its officers, directors, supervisors, managers and/or employees engaged in behavior which they should have known would cause plaintiff to suffer extreme emotional distress and mental anguish.

87.     As a result, plaintiff has suffered damages in the sum of  Five Million ($5,000,000) and is entitled to compensatory damages and punitive damages, the exact amount to be determined at trial.

19

COUNT XIII

PUNITIVE DAMAGES

88.    Plaintiff Charlotte Nugent repeats and realleges each and every allegation contained in paragraphs 1- 87 inclusive, with the same force and effect as though more fully set forth at length herein.

89.    The acts complained of were done willfully, unlawfully, maliciously and in wanton disregard of the rights and feelings of plaintiff and by reason thereof, plaintiff demands exemplary or punitive damages against defendants, the exact amount to be determined at trial.


WHEREFORE, Plaintiff demands judgment against Defendants Continuum, St.Luke's, Smithers/AINY and Heaney  as follows:

1.     With respect to Count I of the Complaint, an award of damages in the sum of not less than $900,000, plus interest, for plaintiff's mental anguish pain and suffering and other non-pecuniary losses, the exact amount to be determined at trial and reasonable attorney's fees, costs and expenses incurred in prosecuting this action.

20

2.      With respect to Count II of the Complaint, an award of damages in the sum of not less than $5,000,000, plus interest, the exact amount to be determined at trial.

3.      With respect to Count III of the Complaint, an award of damages in the sum of not less than $9,000,000, plus interest, the exact amount to be determined at trial.

4.      With respect to Count IV of the Complaint, an award of damages in the sum of not less than $5,000,000, plus interest, the exact amount to be determined at trial and attorney's fees, costs and expenses incurred in prosecuting this action.

5.      With respect to Count V of the Complaint, an award of damages in the sum of not less than $5,000,000, plus interest, the exact amount to be determined at trial.

6.      With respect to Count VI of the Complaint, an award of damages in the sum of not less than $5,000,000, plus interest, the exact amount to be determined at trial.

7.      With respect to Count VII of the Complaint, an award of damages in the sum of not less than $5,000,000, plus interest, the exact amount to be determined at trial.

8.      With respect to Count VIII of the Complaint, an award of damages in the sum of not less than $5,000,000,  plus interest and punitive damages, the exact amount to be determined at trial.

9.      With respect to Count IX of the Complaint, an award of damages in the sum of not less than $5,000,000, plus interest and punitive damages, the exact amount to be determined at trial.

10.      With respect to Count X of the Complaint, an award of damages in the sum of not less than $5,000,000 , plus interest, the exact amount to be determined at trial;

11.      With respect to Count XI of the Complaint, an award of damages in the sum of

21

not less than $5,000,000 plus interest, plus punitive damages, the exact amount to be determined at trial.

12.. With respect to Count XII of the Complaint, an award of damages in the sum of not less than $15,000,000, the exact amount to be determined at trial.

13.    With respect to Count XIII of the Complaint, an award of damages in the sum of not less than $15,000,000, the exact amount to be determined at trial.

14.    Plaintiff's attorney's fees and costs of this action; and

15.    Such other relief as may be just and proper.

16.    A trial by jury is demanded.

Dated: New York, New York
       May  26, 2005

                                        /s/
                              _____
                              IRWIN HERSCHLAG (IH-8522)
                              Attorney for Plaintiff
                              630 Third Avenue
                              New York, NY 10017
                              (212) 867-9595

22

23