MOSKOWITZ & BOOK, LLP
Chaim B. Book, Esq. (CB 4652)
Jonathan S. Konovitch (JK 9498)
1372 Broadway, Suite 1402
New York, New York 10018
(212) 221-7999

Attorneys for Defendant Kevin Barry Heaney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLOTTE NUGENT,<br><br>Plaintiff<br><br>vs.<br><br>THE ST.LUKE'S/ROOSEVELT HOSPITAL CENTER, THE ADDICTION INSTITUTE OF NEW YORK(formerly known as the SMITHERS ALCOHOLISM TREATMENT AND TRAINING CENTER), its predecessors and successors, CONTINUUM HEALTH PARTNERS, INC. and KEVIN HEANEY, individually and in official capacity and John Does 1-10,<br><br>Defendants. | 05 CV 5109 (JCF)<br><br>**DEFENDANT HEANEY'S REPLY TO PLAINTIFF'S RULE 56.1 COUNTER STATEMENT** |

In accordance with Rule 56.1 of the Local Rules of this Court, Defendant Kevin Barry Heaney submits the following reply to Plaintiff's Counter Statement of Material Facts.

1. Admitted.

2. Admitted, except that at the time of Plaintiff's transfer to AINY, Heaney's title was Director of Inpatient Rehabilitation, while Jeff Foote, Ph.D. held the title of Clinical Director. (Pl. Tr. 52-56; Heaney Tr. 6-7.)

3.     Denied.

4.     Admitted.

5.     Denied, except to admit that Heaney once slapped his hand on the arm of his chair (Heaney Tr. 14; Clucas Tr. 26-27.); Heaney twice slapped a table (Heaney Tr. 102; Pl. Tr. 107-08.); in Spring 2000, Heaney referred to two female patients as "cunts" (Pl. Tr. 89-93; Heaney Tr. 26-27.); and Heaney once referred to Clucas as a "radical lesbian." (Pl. Tr. 235, 579.)

6.     Admitted.

7.     Denied, except to admit that in October 2000, Plaintiff complained to Foote about the comments made by Heaney. (Pl. Tr. 84-85, 89-91, 123-24; Heaney Tr. 23.)

8.     Denied, and respectfully refers the Court to the November 28, 2000 memo for its contents.

9.     Neither admitted nor denied, but avers that Paragraph 9 is unintelligible as drafted.

10.    Denied.

11.    Neither admitted nor denied, but refers the Court to the March 12, 2001 letter, purportedly authored by Sandra Surita.

12.    Denied. Plaintiff began to receive verbal and written warnings and complaints about her paperwork subsequent to her unauthorized absence on September 11, 2001. (Pl. Tr. 175-77; Horowitz Tr. 25-26.)

13.    Denied.

14.    Denied.

15. Denied.

16. Denied. Heaney instructed the entire staff, including Plaintiff, to remain on duty until they received permission to leave. (Heaney Tr. 91-92.) At approximately 3:30 p.m., Plaintiff left work and went home. (Pl. Tr. 162, 164; Heaney Tr. 90.)

17. Denied. On September 13, 2001, Plaintiff met with Heaney and Horowitz to discuss her leaving work early (Horowitz Tr. 25.) and Plaintiff admitted that leaving without permission was wrong. (Pl. Tr. 175; Horowitz Tr. 25.)

18. Denied. Plaintiff's union grieved the decision to dock her pay and the Hospital agreed to reimburse her for the 3.5 hours of pay she lost on September 13 but not to reimburse her for the time she missed on September 11. (Pl. Tr. 179-81, Ex. H.)

19. Denied, except to admit that Plaintiff began to receive verbal and written warnings and complaints about her paperwork subsequent to her unauthorized absence on September 11, 2001. (Pl. Tr. 175-77; Horowitz Tr. 25-26.).

20. Denied, except to admit that on June 4, 2002, Plaintiff applied for and was granted a medical leave of absence from June 6 to September 6, 2002. (Pl. Tr. 208.)

21. Admitted.

22. Denied, except to admit that on April 3, 2003, Heaney and Rinaldi met with Plaintiff to discuss problems with her performance (Pl. Tr. 245, Ex. U; Heaney Tr. 9-10.), and that the day after the meeting Plaintiff sought and was granted a leave of absence from April 4 to June 4, 2003.

23. Admitted.

24. Denied, except to admit in 1990, Plaintiff diagnosed with ADHD (Pl. Tr. 21-22), and Plaintiff claims that ADHD affects her ability to organize tasks, manage her time and complete detail work. (Pl. Tr. 21, 397.)

25. Denied.

26. Denied.

27. Denied.

Dated: January 23, 2007
       New York, New York

 

*[signature]*
CHAIM B. BOOK, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLOTTE NUGENT,<br><br>                    Plaintiff<br><br>    v.<br><br>THE ST. LUKE'S ROOSEVELT HOSPITAL CENTER, THE ADDICTION INSTITUTE OF NEW YORK, its predecessors and successors, CONTINUUM HEALTH PARTNERS, INC. and KEVIN HEANEY,<br><br>                    Defendants. | Case No. 05 CV 5109 (RPP) |

STATE OF NEW YORK  )
                                ) ss.:
COUNTY OF NEW YORK  )

        BRENDA G. BENNETT, being duly sworn, deposes and says: I am over the age of 18, am not a party to this action and reside in Bronx County. On the 23rd ay of January, 2007, I caused to be served a true copy of the foregoing DEFENDANT HEANEY'S REPLY TO PLAINTIFF'S RULE 56.1 COUNTER STATEMENT, via first-class mail, upon:

        Susan Adler, Esq.
        630 Third Avenue
        New York, NY  10017

by depositing a true and correct copy thereof in a post-paid securely sealed, properly addressed envelope, in an official depository under the exclusive care and custody of the United States Postal Service within this State.

                                                            _____
                                                            BRENDA G. BENNETT

Sworn to before me this
23rd day of January, 2007.

_____
        Notary Public

Josephine Genovese
Notary Public, State of New York
No. 01GE5028059
Qualified in Richmond County
Commission Expires May 23, 2010